## W. M. COOK v. STATE.

No. A-8864.   Aug. 9, 1935.
(48 Pac. [2d] 863.)

W. O. Cromwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county of having unlawful possession of whisky and was sentenced to serve 50 days in jail and to pay a fine of $100.

On the date charged a deputy sheriff with a search warrant made a search of the basement of a place purportedly operated by defendant as a restaurant.   No food or restaurant supplies were found and only some glasses, gambling devices, and whisky.   Only a small quantity of whisky was found in the room open to the public, but in the basement to which a trapdoor led there were two cases of pint bottles of whisky.   It was shown the place was frequented by users of alcoholic beverages.

Defendant earnestly urges the court erred in overruling his motion to suppress evidence.   The motion challenges the sufficiency of the affidavit for search warrant

for the reason it was made on information and states conclusions only. The affidavit was lost, but its contents were shown by the printed form used and by the testimony of the affiant to its contents. The court ruled correctly in holding the affidavit sufficient and in denying the motion to suppress.

Defendant next contends the court erred in overruling the demurrer to the information. The information alleges in substance that defendant had the possession of certain "spirituous, vinous, fermented, malt and intoxicating liquors, to wit: 105 pints of whisky with the unlawful and wrongful intent," etc. Defendant argues since the information alleges possession of "* * * spirituous, vinous, fermented, malt and intoxicating liquors, to wit whisky," that it charges more than one offense, and that in failing to allege it contains as much as one-half of 1 per cent. alcohol and fails to allege whether whisky is fermented or vinous that defendant may be again prosecuted for the same offense. This contention is without merit, the information charges but one offense and is sufficient.

The case is affirmed.